F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 1 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01980-BNB

LORENZO D. HALL, SR.,

    Applicant,

v.

STATE OF MARYLAND, and
THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Lorenzo D. Hall, Sr., is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. He submitted to and filed with the Court *pro se* an application pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the habeas corpus application liberally because Mr. Hall is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Hall alleges that he pled guilty to charges of assault and battery in Case No. CT 96-0171X in the Circuit Court for Prince George's County, Marlboro, Maryland, on July 30, 1996. He states that on October 18, 1996, he was sentenced to two three-year

consecutive sentences. Based on the exhibits attached to the Application, it appears that Mr. Hall's sentence and period of probation for Case No. CT 96-0171X was completed on July 2, 1999. Application at Exhibit 3.

Mr. Hall also appears to have been convicted in Case No. 02-CR-293-AMD in the United States District Court for the District of Maryland of the crimes of felon in possession of a firearm and aiding and abetting. On April 11, 2003, he was sentenced to 198 months in the custody of the United States Bureau of Prisons. The charges in the Maryland state case appear to have been considered an enhancing factor for purposes of sentencing in the District of Maryland federal case. Mr. Hall alleges that he did not appeal from the judgment of conviction, although it appears that Mr. Hall filed a motion to vacate his sentence under 28 U.S.C. § 2255 that was denied by the District of Maryland. That denial was upheld by the Fourth Circuit in *United States v. Lorenzo Hall*, Case No. 05-7104, 161 Fed. Appx. 251 (4th Cir. Dec. 20, 2005) (unpublished opinion).

In the instant § 2254 action, Mr. Hall is challenging his state conviction in Prince George's County Court Case No. CT 96-0171X, not his federal conviction in District of Maryland Criminal Action No. 02-CR-293-AMD. In the Application, Mr. Hall asserts four claims: (1) he received ineffective assistance of appellate counsel; (2) the state court erred by enforcing the plea agreement; (3) his guilty plea was not knowing or voluntary; and (4) he received ineffective assistance of plea counsel.

However, Mr. Hall may not challenge his expired 1996 Maryland convictions and sentences because he is no longer "in custody" for the assault and battery convictions.

2

*See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). Consequently, a state prisoner cannot challenge the constitutionality of his conviction if he has completed his sentence for the conviction at the time the § 2254 petition is filed. *Maleng*, 490 U.S. at 491; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions," citing 28 U.S.C. § 2254(a) and *Maleng*).

Furthermore, the only named Respondent with arguable authority to act on Applicant's challenge to his 1996 Maryland convictions is the Maryland Attorney General. However, this Court lacks personal jurisdiction over that Respondent. *See e.g. Portley-El v. Figueroa*, 373 F. App'x. 883, 885 (10th Cir. 2010) (dismissing § 2241 petition filed in Oklahoma federal district court for lack of personal jurisdiction over petitioner's custodian, who was outside the territorial jurisdiction of the federal district court). Therefore, the Court lacks jurisdiction in this case and the action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that all pending motions are denied as moot. It is

3

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __11th__ day of _____August_____, 2011.

BY THE COURT:

    ___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01980-BNB

Lorenzo D Hall Sr
Reg. No. 40385-037
FCI Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 11, 2011.

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                  Deputy Clerk