IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01980-LTB

LORENZO D. HALL, SR.,

    Applicant,

v.

STATE OF MARYLAND, and
THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -2 2011

GREGORY C. LANGHAM
    CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Lorenzo D. Hall, Sr., a prisoner who is in the custody of the United States Bureau of Prisons, filed a *pro se* motion titled "Motion to Reconsider Prior Ruling on USC 2254" on August 24, 2011. The Court must construe the motion liberally because Mr. Hall is a *pro se* litigant. **See *Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Hall filed the motion to reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). **See** Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Hall fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Hall initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on August 1, 2011. He was granted leave to proceed *in forma pauperis*. In the Application, Mr. Hall alleged that he pled guilty to charges of assault and battery in the Circuit Court for Prince George's County, Marlboro, Maryland on July 30, 1996, in Case No. CT 96-0171X. He was later sentenced in the state court to two three-year consecutive sentences. Mr. Hall's sentence and period of probation for Case No. CT 96-0171X was completed on July 2, 1999.

Mr. Hall also was convicted in the United States District Court for the District of Maryland of the crimes of felon in possession of a firearm and aiding and abetting in Case No. 02-CR-293-AMD. On April 11, 2003, he was sentenced to 198 months in the custody of the United States Bureau of Prisons. The charges in the Maryland state case appear to have been considered an enhancing factor for purposes of sentencing in the District of Maryland federal case. Mr. Hall filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied by the District of Maryland. That denial was upheld by the Fourth Circuit in *United States v. Lorenzo Hall*, Case No. 05-7104, 161 Fed. Appx. 251 (4th Cir. Dec. 20, 2005) (unpublished opinion).

In the Application, Mr. Hall asserted four claims: (1) he received ineffective assistance of appellate counsel; (2) the state court erred by enforcing the plea agreement; (3) his guilty plea was not knowing or voluntary; and (4) he received ineffective assistance of plea counsel. The Court found that Mr. Hall was challenging his state conviction in Prince George's County Court Case No. CT 96-0171X, not his federal conviction in District of Maryland Criminal Action No. 02-CR-293-AMD. The Court concluded that Mr. Hall may not challenge his expired 1996 Maryland convictions and sentences because he is no longer "in custody" for the assault and battery convictions. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). Accordingly, on August 11, 2011, the action was dismissed for lack of jurisdiction pursuant to *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Judgment also entered on August 11, 2011.

In Mr. Hall's Motion to Reconsider, he asserts that he "is not challenging his state conviction, but is challenging his Federal enhancement as being an armed career criminal due to the use of his unconstitutional invalid state conviction." Motion at 1. Therefore, he asserts that the Court has jurisdiction to consider his claims.

Here, Mr. Hall's claims challenging the constitutional validity of his 1996 guilty plea are foreclosed by the United States Supreme Court's decision in *Daniels v. United States*, 532 U.S. 374 (2001). In *Daniels*, the Supreme Court limited a federal prisoner's ability to collaterally attack a prior state conviction in a § 2255 proceeding:

> If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of invalidity that attached to the prior conviction at the

> time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

*Id.* at 382.

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court extended its *Daniels* holding to cover habeas petitions brought by state prisoners under 28 U.S.C. § 2254 directed at enhanced state sentences.

Accordingly, a habeas applicant may challenge a prior conviction only under the following circumstances: (1) when applicant can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, *see Gideon v. Wainwright*, 372 U.S. 335 (1963); (2) when newly discovered evidence shows that the applicant is actually innocent; or (3) when the applicant can show that the failure to timely seek review in the prior case was through no fault of his own. *Id.; see also Daniels v. United States*, 532 U.S. 374, 381 (2001); *Custis v. United States*, 511 U.S. 485, 490-97 (1994). The purpose of such a ruling is to protect the finality of convictions and to ease administration. *See Coss*, 532 U.S. at 402.

Mr. Hall has neither alleged nor proven any of the exceptions permitted by *Daniels* and *Lackawanna*, nor are any such exceptions apparent from the record. Mr. Hall does not argue that a Sixth Amendment violation on the basis of failure to appoint counsel occurred in the prior conviction or that he was faultless in failing to obtain timely review of his constitutional claims. Instead, Mr. Hall merely challenges the validity of his 1996 guilty plea. Because Mr. Hall has failed to prove an exception, his attempt to invalidate his prior convictions must fail. *See Daniels*, 532 U.S. at 382. Mr. Hall's

challenge to the constitutionality of his state court proceedings is not properly raised in the 28 U.S.C. § 2254 application.

Accordingly, Mr. Hall has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion to Reconsider will be denied. **See Servants of the Paraclete**, 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Motion to Reconsider Prior Ruling on USC 2254," filed on August 24, 2011, is denied.

DATED at Denver, Colorado, this __2nd__ day of __September__, 2011.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01980-LTB

Lorenzo D Hall Sr
Reg. No. 40385-037
FCI Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 2, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk